UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfred F. CHITTENDEN,
Defendant-Appellant.

No. 75–1874.

United States Court of Appeals,
Fifth Circuit.

April 15, 1976.

Rehearing and Rehearing En Banc
Denied May 26, 1976.

F. Irvin Dymond, Wm. L. Crull, III, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., Roy Beene, Sp. Atty., Newark, N. J., for plaintiff-appellee.

Before DYER and CLARK, Circuit Judges, and KRAFT *, District Judge.

DYER, Circuit Judge:

Chittenden, a union official, appeals his jury conviction of criminal violations of Section 206 of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C.A. §§ 436, 439(a), contending that he was not subject to the record-keeping requirements, and further that the district court improperly instructed the jury. We affirm.

Chittenden has been President of Local Union 1418 in New Orleans, and Secretary-Treasurer of Local Union 1833 in Baton Rouge, of the International Longshoremen's Association for a number of years. In a 70 count indictment he was charged with 62 counts of embezzlement of union funds and 8 counts of failure to maintain adequate records. He was acquitted on a number of embezzlement counts and a mistrial was ordered on the remainder of the embezzlement counts. He was convicted on the 8 counts for record-keeping violations.

Upon appeal Chittenden raises as he did in the district court a threshold objection that he is not a "person" with-

* Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

in the meaning of the statutory provision. Section 436 provides that:

> Every person required to file any report under this subchapter shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Secretary may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than five years after the filing of the documents based on the information which they contain.

29 U.S.C.A. § 439(a) provides that any person who wilfully violates this provision shall be imprisoned for not more than one year, or shall be fined not more than $10,000, or both.

Chittenden argues he cannot be treated as a Section 436 "person required to file any report" because Section 431(b) of the LMRDA requires only labor organizations to file these financial reports:

> Every labor organization shall file annually with the Secretary a financial report signed by its president and treasurer . . .

Because Section 431(b) does not require individuals to file these reports, Chittenden concludes that Congress criminally imposed the record-keeping requirement only on the labor organizations, not the individuals.

We disagree. This contention has been rejected by the Second Circuit. *United States v. Ottley,* 2 Cir. 1975, 509 F.2d 667, 672, n. 8. The district court here, in following *Ottley,* correctly analysed the flaw in this interpretation of the statutory record-keeping requirement:

> Conspicuously missing from Chittenden's argument, however is any reference to 29 U.S.C. § 439(d): '[e]ach individual required to sign reports under sections 431 and 433 of this title shall be personally responsible for the filing

of such reports and for any statement contained therein which he knows to be false.'

Section 431(b) requires that the report *filed* by the labor organization be *signed* by the president and treasurer of that organization. Because these officials are required to sign the reports, it is clear that the president and treasurer of a union are "personally responsible for the filing of such reports" within the language of Section 439(d). Hence, it is obvious that as persons responsible for the filing of the reports, both the president and treasurer fall squarely within the ambit of Section 436. We agree with the district court that Chittenden, as both president and treasurer, was a person subject to the record keeping requirement of Section 436.

■ Finally Chittenden argues that even if he can "legitimately be charged with omitting to maintain the said required records," nevertheless the government failed to prove (1) that the records maintained by the unions were in fact inadequate for the purposes stated in Section 436; (2) that, even if the records maintained were inadequate, the failure to maintain the records was "willfully" done. He argues that the cancelled checks merely showing total disbursements constituted adequate records of how the unions' monies were expended.

It is true that Section 436 requires no particular bookkeeping system; nevertheless, that provision specifically requires "in sufficient detail" (29 U.S.C.A. § 436) the maintenance of whatever records are necessary to establish accurate "disclosure of financial operations of the unions to their members." *United States v. Budzanozki,* 3 Cir. 1972, 462 F.2d 443, 450, *cert. denied* 1972, 409 U.S. 949, 93 S.Ct. 271, 34 L.Ed.2d 220. Chittenden's retention of cancelled checks without specific expense receipts and itemization is a form of "record keeping" woefully insufficient to achieve

> the purpose of the LMRDA [which] is not just to prevent embezzlement and fraud; as we have noted, it is to pro-

vide information for the members so that they can control their leaders. *Budzanoski, supra,* at 452. The Second Circuit in *Ottley, supra,* observed, "The voucher slips he submitted were minimal. They contained only the date, the amount received from the union, his signature and the notation 'for reimbursed expenses.' " *Id.* at 674, n. 11. The court refused to consider such records sufficient as a matter of law and submitted the issue to the jury. Similarly here the district court correctly declined to give the jury instructions urged by the defendant, that the cancelled checks were adequate as a matter of law.

Chittenden assigns as error the district court's refusal to instruct the jury that good faith reliance on prior inspections by Compliance Officers of the Department of Labor would preclude a finding of the requisite "willful" intent to fail to keep records. But, the evidence fails to provide a foundation for such a charge. On the contrary, the inspection performed in 1970 was for specific shortcomings only, and was not a complete financial examination. Compliance Officer Victoria testified at length that there was no doubt that his examination in no way entailed an approval of the Union's system of bookkeeping; he said he "wasn't looking for anything beyond the allegations made and the complaint." He looked at records only for one year, 1968. He did not have full access to union records. Moreover, he testified that he did tell Chittenden that he had found certain deficiencies even within this narrow scope of his inspection. Such an inspection could not be relied upon in good faith as government approval of the union's overall pattern of maintenance of records.

Indeed, other evidence refutes any contention of good faith reliance by Chittenden. Compliance Officer Ryan testified that after his examination of these unions' records in 1962 he warned Chittenden of their inadequacy under the legal requirements contained in Section 436. Officer Ryan pointed out to Chittenden where the records were inad-

equate to verify disbursements. He read the law to Chittenden and explained what records were necessary. He informed him how the union books should be adjusted in order to comply with Section 436.

We find no evidentiary support for Chittenden's argument that a "willful" violation was not proven because of good faith reliance. The court's refusal to give Chittenden's submitted charge was not error.

AFFIRMED.